# Commonwealth, Appellant, *v.* Day.

*Road law—Supervisors—Failure to maintain public road—Evidence—Reversal of acquittal—Practice, O. S.—Stenographer.*

An acquittal of supervisors indicted for refusal and neglect to maintain a public road, will be reversed where the record shows that the road in question had been actually opened on the ground, traveled for years, and kept in repair by public taxes, and that defendants had permitted it to remain obstructed by a slide from a hill for a long time, and the record further shows that the court below received in evidence and permitted the jury to consider a proceeding to vacate, which had failed, and later futile attempts by taxpayers to have the road vacated, and that in the opinion of witnesses the road had been laid out on a wrong location, and that its maintenance was unnecessary.

On the trial of such an indictment it was not obligatory on the trial judge to make an order requiring the stenographer to take the evidence in shorthand.

Argued Nov. 19, 1917.  Appeal, No. 87, April T., 1918, by plaintiff, from judgment of Q. S. Greene Co., Sept. T., 1917, No. 8, on verdict of not guilty in case of Commonwealth v. Oscar Day et al.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Indictment for refusing and neglecting to maintain a public road.  Before RAY, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were various admissions in evidence and various instructions, and refusal of the motion of the district attorney to have the court stenographer take stenographic notes of the testimony.

*David R. Huss,* District Attorney, with him *Carl J. Crawford,* for appellant.—The Act of June 13, 1836, P. L. 556, Purd., requires that public roads shall be constantly kept in repair at the expense of the township.

This duty to repair falls upon township supervisors who are indictable for neglect: Com. v. Edge, 7 Pa. 275.

Supervisors are bound to maintain a sufficient roadbed and anything obstructing it is a public nuisance: Com. v. McNaugher, 131 Pa. 55; Com. v. Marshall, 137 Pa. 170; Com. v. Shoemaker, 14 Pa. Superior Ct. 194. The obstruction of a public street is a public nuisance: Sharon Boro. v. Penna. Co., 44 Pa. Superior Ct. 526.

Supervisors' good faith or lack of criminal intent was immaterial as the injury caused by public nuisance is such that the statute commands the constant repair of public roads, and otherwise the design and purpose of the act would be practically defeated: Com. v. Weiss, 139 Pa. 247.

Evidence as to the nonnecessity of the road was inadmissible: Roaring Brook Tp. Road, 140 Pa. 632; Com. v. McNaugher, 131 Pa. 55.

*F. W. Downey,* with him *Challen W. Waychoff,* for appellees.—The testimony shows that defendants did not admit that this road was ever a public road. Commonwealth did not claim that the same was ever laid out by any proceeding at law.

In a suit against the public officer as an individual and in all criminal prosecutions for a nuisance it must be shown that the neglect was wilful: Com. v. Rush, 11 Lanc. L. R. 97; Com. v. Cassatt, 3 Montgomery County 19; Taylor v. Canton Twp., 30 Pa. Superior Ct. 305; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

OPINION BY HEAD, J., July 10, 1918:

The defendants were the supervisors of Washington Township in Greene County. They were tried on a bill of indictment charging them with maintaining and continuing a public and common nuisance in that they refused and neglected to open and make reasonably passable a certain public highway in their township. The verdict of the jury acquitted the defendants, but the

Commonwealth, alleging that such verdict resulted from erroneous instructions given by the trial judge, took this appeal.

Whilst the plea of "not guilty" formally put in issue every material averment of fact charged in the bill, there appeared no real contention as to the primary fact that the road in question has been a public road. It is true the Commonwealth was unable to produce any record of the Court of Quarter Sessions laying out such road and directing it to be opened. The learned judge, however, correctly told the jury that if they found from the evidence such a road had been actually opened on the ground, traveled for years by the public, and had been maintained and kept in repair by the expenditure of the public taxes, they would be warranted in finding it to have been a public road. As the testimony on this subject appears to have been ample in quantity and altogether uncontradicted, it is hardly possible the verdict of the jury could have rested on a disposition of that question adverse to the claim of the Commonwealth. As the defendants themselves conceded......they had never done or attempted to do any work on this road, had allowed it to remain obstructed by a slide from the hill and then to be actually fenced up by one or more of the adjoining landowners, their failure to comply in any reasonable way with the duty imposed upon them by the statutes was manifest.

How did they undertake to defend or excuse their apparent failure to discharge their legal obligation? The learned court below received in evidence, over the objection of the district attorney, a record of the Court of Quarter Sessions which showed a proceeding, begun some time before the bill was found, to have the road in question vacated. A petition was filed, viewers were appointed and made a report urging the vacation of the road. Upon exceptions filed, the report was set aside by the Court of Quarter Sessions. It became therefore as ineffective to excuse the defendants as if it had never been

begun and its admission in evidence, at the best, but tended to obscure in the minds of the jury the real issue they were sworn to try.   Evidence was also admitted, over like objections, to show later offers on the part of some of the taxpayers of the township to have the road vacated, but, down to the time of the finding of the bill and the trial of the case, no such offer had resulted in anything.   Again testimony was received tending to show that in the opinion of the witnesses the road was laid out on the wrong location and that its maintenance was unnecessarily expensive and other like matters. From this the jury were permitted to find that if the supervisors, in good faith, without malicious intent, exercised their own discretion in a reasonable way, they were justified in permitting this road to become absolutely closed up and thus in effect vacated by the act or neglect of the supervisors themselves.

It appears to us, from this brief statement, the case was tried in the court below on a theory which we must regard as untenable.   Whether or not there was a public highway, in the absence of a record showing one, might well become a mixed question of law and fact for determination by the jury under proper instructions from the court.   With that fact found in favor of the Commonwealth, .the law itself cast upon the supervisors the burden of keeping the road at least open and making such reasonable repairs thereon as the conditions, financial and otherwise, would make practicable.   But they were not vested with any discretion to throw off entirely and refuse to perform in any way the duty imposed upon them by the law.   Without taking up in detail the numerous assignments of error, we have said enough to indicate that the case must be retried along the lines herein laid down.

In such cases it might be a matter of prudence and in aid of the performance of the duties of a trial judge to make an order requiring the stenographer to take the evidence in shorthand, but we are not convinced there

541, (1918).]        Opinion of the Court.

was any binding obligation upon him to do that, and the first assignment of error is overruled.

The judgment of the Court of Quarter Sessions is reversed and a venire facias de novo awarded.